FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

SEP 2 6 2013

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| TOMMY ARROWGARP, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | **MEMORANDUM DECISION AND ORDER** Case No. 2:13-CV-363-DB Judge Dee Benson |

This matter is before the court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1.) At the court's request, the government filed a response in opposition to the petitioner's motion. (Dkt. No. 3.) Petitioner subsequently filed motions for discovery and an evidentiary hearing. (Dkt. Nos. 5, 6.) Having reviewed the relevant materials, the court now issues the following Memorandum Decision and Order.

## BACKGROUND

On August 11, 2004, Tommy Arrowgarp ("petitioner") was charged with Aggravated Sexual Abuse of a Minor While Within Indian Country, in violation of 18 U.S.C. §§ 2241(c) and 1153(a); Sexual Abuse of a Minor While Within Indian Country, in violation of 18 U.S.C. § 2243(a)(1) and 1153(a); and Assault Within Indian Country, in violation of 18 U.S.C. § 113(a)(4) and 1153(a) (Criminal Case No. 2:03-cr-549-DB, Docket Entry No. 56.) Petitioner was

convicted following a jury trial on February 17, 2006. (Dkt. No. 121.) On June 6, 2006, the court sentenced petitioner to 262 months, followed by 60 months of supervised release. (Dkt. No. 130.) Judgment was entered on June 7, 2006. (Dkt. No. 130.) On June 14, 2006, petitioner filed notice of appeal to the United States Court of Appeals for the Tenth Circuit arguing improper jury instructions and an unreasonable sentence. (Dkt. No. 131.) The Tenth Circuit rejected both of petitioner's arguments and affirmed the conviction and sentence on November 8, 2007. *United States v. Arrowgarp*, 253 Fed. Appx. 790, 800 (10th Cir. 2007.)

On May 20, 2013, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner claims that he is entitled to a vacated or corrected sentence on the basis of ineffective assistance of counsel. Petitioner alleges his counsel failed to object where appropriate, preserve errors for appeal, inform the court of prosecutorial misconduct, and call certain persons as witnesses who could both impeach the victim's testimony and provide mitigating evidence to lessen the length of his sentence. Petitioner further claims that he is entitled to equitable tolling because he did not learn of the Tenth Circuit decision until June of 2012, four years after it was rendered.

## DISCUSSION

### I. PETITIONER IS NOT ENTITLED TO A VACATED OR CORRECTED SENTENCE BECAUSE HE FAILED TO FILE WITHIN THE ONE YEAR TIME LIMIT PRESCRIBED BY 28 U.S.C. § 2255.

Title 28 United States Code § 2255 permits a prisoner in custody under a sentence of a United States District Court to move the court to vacate, set aside or correct the sentence. However, any motion filed pursuant to § 2255 must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner failed to meet the time limitation required under subsection (1). In this case, Judgment was entered on November 8, 2007. To meet the deadline under subsection (1), petitioner was required to file his § 2255 motion by January 8, 2009. Petitioner filed his motion on May 20, 2013.

Subsections (2) and (3) are not applicable to petitioner's appeal. Petitioner's motion is also untimely under subsection (4) as all of the alleged failures of counsel were known to petitioner by the date of petitioner's sentencing, on June 5, 2006.

Petitioner filed this motion over four years past the time allotted by § 2255. Furthermore, he has failed to assert any facts which warrant equitable tolling. Accordingly, petitioner's motion is not timely as required by § 2255 and should be dismissed.

## II. EQUITABLE TOLLING IS NOT WARRANTED BECAUSE PETITIONER HAS FAILED TO PROVE EITHER EXTRAORDINARY CIRCUMSTANCES OR THAT HE DILIGENTLY PURSUED HIS CLAIMS.

Extraordinary circumstances may provide a basis for equitable tolling of the limitations period, but the burden is on the petitioner to demonstrate the inadequacy of the one-year period. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998.) Here, petitioner refers only to his attorney's failure to inform him of the court's decision, and the advisement to be patient because

the decision would take time. (Petitioner's Memorandum at 14.) Neither of these claims, even if true, amount to such egregious behavior that constitute "extraordinary circumstances." Simple attorney negligence is "insufficient to justify equitable tolling." *United States v. Leonard*, Fed. Appx. 191, 193 (10th Cir. 2009.)

While the one-year limitation period will be tolled for "extraordinary circumstances over which [an] inmate has no control," even after a showing of extraordinary circumstances, the Tenth Circuit requires inmates to "diligently pursue claims." *Miller* at 978 (citing *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997.) Here, petitioner has failed to demonstrate that he made adequate efforts to learn the status of his appeal during the four years following the decision. Furthermore, petitioner took nearly one year to file this § 2255 motion after learning his time had expired.

### III. PETITIONER'S MOTION FOR DISCOVERY IS DENIED AND MOTION FOR EVIDENTIARY HEARING IS MOOT.

Petitioner has moved for discovery (Dkt. No. 5) and for an evidentiary hearing (Dkt. No. 6.) Pursuant to Rule 6(a) of § 2255, a "judge may, for good cause, authorize a party to conduct discovery ...". The petitioner states that "the requested discovery may reveal a clear case of deficient performance and resultant prejudice so that Movant may even be entitled to summary judgment." (Dkt. No. 5 at 4.) The court does not find good cause to support authorization of discovery three and a half years after the statute of limitations has run on the filing deadline for petitioner's § 2255 motion. Petitioner's motion for an evidentiary hearing is deemed moot.

### CONCLUSION

For the reasons set forth above and in the government's response (Dkt. No. 3), petitioner's § 2255 motion and motion for discovery are DENIED, petitioner's motion for an

evidentiary hearing is MOOT. The clerk of the court is directed to close case 2:13-cv-363-DB forthwith.

DATED this 24th day of September, 2013.

BY THE COURT:

DEE BENSON
United States District Judge